

**U.S. Department of Justice**

Antitrust Division

*New York Office*

26 Federal Plaza   212/335-8035
Room 3630
New York, New York 10278-0004   FAX 212/335-8023

January 15, 2015

BY E-MAIL (PDF)
The Honorable Susan D. Wigenton
United States District Judge
Martin Luther King Building
50 Walnut Street
Newark, NJ 07101

       Re: United States v. John A. Bennett, No. 09 Cr. 656 (SDW)

Dear Judge Wigenton:

      This letter is in response to defense counsel's December 19, 2014 letter to Your Honor requesting an adjournment of the trial date to December 7, 2015. After conferring with defense counsel, the parties agreed to request a trial date of November 9, 2015. Defense counsel noted that they believe more time may be required for trial preparation, and they may ask Your Honor to adjust the trial date after they have obtained and reviewed discovery. The Government requests that the trial date be adjourned beyond November 9th only upon a showing of good cause.

      The parties last appeared before Your Honor on November 24, 2014 for the arraignment of the defendant. At that time, defense counsel stated its representation of the defendant was limited for presentment purposes. On December 15, 2014, after defense counsel entered their notices of appearance for trial purposes in this case, the parties had an initial conference call to discuss discovery. In the course of the call, the Government estimated that we had received approximately 550 boxes from third parties during our investigation into the defendant and others, and the Government offered to make available the entirety of those productions to defense counsel. We also informed defense counsel that there were approximately 400,000 searchable electronic documents. During the call, however, the Government made it clear that, because the investigation focused on companies, individuals, and conspiracies beyond those allegedly involving Mr. Bennett, much of the discoverable material was likely to be irrelevant to this case.

      To assist defense counsel, the Government offered to provide an index of the materials obtained from third parties over the course of the investigation (the "Index"). The Index, which

1

the Government provided to defense counsel on December 18, 2015, contained general descriptions of the documents and identified with an asterisk those productions which the Government believed to be potentially relevant to the defendant's case. Of course, the Government cannot know precisely what documents the defense will find useful, but we made the effort to help nonetheless and cast a broad net in our relevance determinations.

While the Government stated in the initial December 15 discovery call with defense counsel that we received approximately 550 boxes from third parties in the course of our investigation, in the Index we identified only 272 productions as potentially relevant to the defendant's case. Many of these 272 productions are not voluminous, as they include only a single folder or redweld, not an entire box. Defense counsel has not yet identified which of the materials identified in the Index they would like to access, but we expect that the amount of relevant materials will be well below the 550 boxes of documents defense counsel referenced in their December 19 letter. Moreover, the Government had proposed a broad protective order on December 18 that would allow the defendant immediate access to the materials listed on the Index. Defense counsel rejected that proposed order, and we are in the process of contacting the third parties selected by defense counsel from the Index to give them notice and an opportunity to be heard regarding their need for a protective order. We are also in the process of negotiating a limited protective order for personally identifiable information that we hope to send to Your Honor as soon as possible.

To conclude, the Government respectfully requests that Your Honor set a trial date of November 9, 2015 and that the period of time from January 27, 2015 until November 9, 2015 be excluded for the purposes of computing time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A).

Respectfully,

Helen Christodoulou /sf-
Helen Christodoulou
Trial Attorney
Antitrust Division

CC: Robert Anello (counsel for John Bennett)

So Ordered
this 16th day of January 2015
Susan D. Wigenton, U.S.D.J.