UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------x
UNITED STATES OF AMERICA           :     Honorable Susan D. Wigenton
                                   :
        v.                         :     Crim. No. 09-656-02 (SDW)
                                   :
JOHN A. BENNETT,                   :
                                   :
              Defendant.           :
-----------------------------------------------------------------x

# **PROTECTIVE ORDER**

      This matter having come before the Court on the joint application of the United States (Helen Christodoulou, Mikhail Vanyo, and Sean Farrell, Trial Attorneys, U.S. Department of Justice, Antitrust Division, appearing) and defendant John A. Bennett (Robert J. Anello, Richard F. Albert, Christopher W. Robbins, and Jacob W. Mermelstein of Morvillo, Abramowitz, Grand, Iason & Anello PC, appearing) and good cause having been shown, the Court, ORDERED:

1. To expedite the flow of discovery material between the parties and facilitate the prompt resolution of disputes over confidentiality, it is necessary to limit the disclosure of certain discovery materials in this matter (hereinafter "Protected Materials"), pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure.

2. The United States may designate as "Protected Materials" any particular documents, and the information contained therein, that are disclosed to the Defendant, provided that the United States believes in good faith that unconstrained disclosure is likely to cause injury to a third party, impede an ongoing investigation, or violate applicable law. In the event that Defendant's counsel of record believes that a document has been wrongly designated as Protected Material, Defendant's counsel of record may seek relief from the Court.

3. Upon Defendant's request that the United States produce or make available for review materials that the United States received from third parties, the United States shall notify the third parties that provided the requested materials, as well as other third parties that the United States determines have an interest in the requested materials, to allow those third parties a reasonable opportunity to seek classification of the requested materials as Protected Materials or other available remedies. The United States shall not produce to Defendant or make available for Defendant's review any requested materials until the notified third parties have had no less than 14 days from the date their notices were sent to take appropriate action.

4. Documents reflecting sensitive personally identifiable information ("PII"), shall be deemed Protected Materials unless and until such documents are redacted to remove such PII. For purposes of this order, PII shall refer to an individual's: (A) date of birth (other than year); (B) Social Security number, taxpayer identification number, driver's license number, state-issued identification number, passport number, or any other identification number; (C) bank, credit card, or other financial account numbers (other than the last five digits); or (D) medical diagnosis or treatment information.

5. Documents and information that are publicly available, or that are obtained by the Defendant from sources other than the United States, shall not be designated as, or deemed to be, Protected Materials.

6. Defendant, Defendant's counsel of record, and any member of the "Defense Team" (*i.e.*, co-counsel, paralegals, expert witnesses, investigators, litigation support personnel, e-discovery vendors, and secretarial staff involved in the representation of the Defendant in this case), upon receiving the Protected Materials, may use the Protected Materials as necessary to prepare for Defendant's trial and for no other purpose. Defendant, Defendant's counsel of record, and the Defense Team may not disseminate or disclose the Protected Materials or any information taken from the Protected Materials to any third party unless such dissemination or disclosure is necessary to prepare for Defendant's trial in this case. Defendant, Defendant's counsel of record, and the Defense Team may not in any instance disclose Protected Materials to members of the media or public. Defendant, Defendant's counsel of record, and the Defense Team may not use or disclose Protected Materials for any commercial or business purpose.

7. All members of the Defense Team are bound by the terms of this Order. Defendant's counsel of record must apprise each member of the Defense Team of the member's obligations under this Order.

8. Any third party to whom dissemination or disclosure is made pursuant to this Order, including Defendant's counsel of record and members of the Defense Team, may not use the Protected Materials for any purpose other than as necessary to prepare for Defendant's trial and may not further disseminate or disclose the Protected Materials for any purpose.

9. No third party other than the defendant and/or any member of the Defense Team, shall be allowed to receive or retain a copy of documents designated as Protected Materials, unless Defendant's counsel of record shall first have provided a copy of this Order and obtained such third party's agreement to be bound by the terms of this Order. Defendant's counsel of record shall maintain a list of each third party to whom Protected Materials have been disclosed. Neither the Defendant nor his counsel of record shall be required, absent further court order, to disclose the identities of the third parties to whom Protected Materials have been disclosed.

10. No third party, other than the defendant and/or any member of the Defense Team, shall be allowed to receive a copy of any Protected Materials containing unredacted PII, unless such receipt is necessary to prepare for Defendant's trial in this case. In such instances of necessity, all PII shall be redacted where its receipt is not necessary to prepare for Defendant's trial in this case. No third party, other than the defendant and/or any member of the Defense Team, shall be allowed to retain or disseminate a copy of any Protected Materials containing unredacted PII under any circumstances.

11. The Defendant and Defendant's counsel of record shall store all Protected Materials in a secure place and shall use reasonable care to ensure that the Protected Materials are not disclosed or disseminated to any third parties in violation of this Protective Order. In the event of an inadvertent disclosure of Protected Material, Defendant's counsel of record shall promptly notify the Court and the United States as to the identity of the recipient of the inadvertently produced Protected Materials and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Protected Materials.

12. Unless otherwise required by law, if Defendant or Defendant's counsel of record, or a third party or its counsel, has obtained Protected Material pursuant to this Protective Order and, in the context of another court proceeding, investigation of inquiry, receives a subpoena or other compulsory process commanding the production of such Protected Material, the party shall promptly notify the United States, whereupon the United States will notify the original source party of the Protected Material, so that the original source party will have an opportunity to object to the disclosure. Defendant and Defendant's counsel of record shall object to the production of material designated as Protected Material under this Protective Order. If the Defendant, Defendant's counsel of record, or a third party or its counsel has obtained Protected Material pursuant to this Protective Order and receives a motion to compel production of such documents, that party shall promptly notify the United States and shall advise the court in which such a motion is made of the existence of this Protective Order. If a court nonetheless orders the production of Protected Material that is subject to this Protective Order, then production of such Protected Material pursuant to that order shall not be deemed a violation of this Protective Order. Nothing contained in this Protective Order is intended to indicate that any other court order would have priority over this Protective Order. Moreover, nothing contained herein shall waive any party's objection to the jurisdiction of the other court.

13. Upon completion of the case, the Defendant and Defendant's counsel of record and any third party who received any Protected Materials pursuant to this Protective Order shall return all such materials in their possession, as well as copies made thereof, to the United States, or shall destroy such materials.

14. Nothing in this Protective Order shall preclude any interested party from filing a motion seeking a modification of the Protective Order.

**SO ORDERED.**
**SIGNED** on this 2nd day of ~~January~~ February, 2015.

_____
SUSAN D. WIGENTON
UNITED STATES DISTRICT JUDGE

4