# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO***
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
LAWRENCE IASON
JUDITH L. MOGUL
JODI MISHER PEIKIN
ROBERT M. RADICK***
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

(212) 880-9520
ranello@maglaw.com

COUNSEL
JASMINE JUTEAU
BARBARA MOSES*

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN CALIFORNIA AND WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN WASHINGTON, D.C.

April 2, 2015

**BY ECF**

The Honorable Susan D. Wigenton
United States District Judge
Martin Luther King Building
& United States Courthouse
50 Walnut Street
Newark, NJ 07101

     Re:    <u>United States v. John A. Bennett, No. 09 Cr. 656 (SDW)</u>

Dear Judge Wigenton:

     On behalf of the defendant John Bennett, I write to update the Court on the status of discovery, and to request that the Court clarify the deadline for pretrial motions in this matter. As your Honor may recall, the government's discovery in this case is highly voluminous. In its January 15, 2015 letter to the Court, the government represented that its discovery includes approximately 400,000 electronic documents, and a further 550 boxes of hard-copy documents.

     We have been actively engaged with the government in order to obtain that discovery. Unfortunately, a number of issues have caused delay in the government's even beginning to provide discovery to defense counsel, including the government's request for a protective order, technical difficulties experienced by the government in producing electronic data, and conditions sought by the government regarding the retention of a vendor to scan the voluminous hard-copy documents. The result has been that the government did not produce any electronic documents to the defense until two weeks ago, and as of today's date, has produced less than half of such electronic materials. With regard to hard copy materials, we do not expect to have complete production of such materials in usable, electronically scanned form until late May or early June of this year.

     In particular, in January 2015, the parties conferred and jointly agreed upon the terms of a protective order, which was "so-ordered" by the Court on February 2, 2015. After the entry of the protective order, a number of non-parties, including the United States Army Corps of

The Honorable Susan D. Wigenton
April 2, 2015
Page 2

Engineers, raised concerns to the parties concerning designation of specific categories of documents under that protective order. The government and defense counsel have worked cooperatively to resolve these issues.

### Electronic discovery

In March 2015, the government informed defense counsel that unexpected technical difficulties had caused a significant delay in its ability to provide the approximately 400,000 electronic documents to defense counsel. The government subsequently provided defense counsel with an initial production of 21,663 electronic documents – roughly 5% of the total volume of electronic documents in this case – on March 16, 2015, and thereafter has provided further productions to defense counsel on a weekly or bi-weekly rolling basis. To date, we have received less than half of the government's voluminous electronic discovery. The government has acknowledged that its electronic productions have been hampered by multiple technological issues and that the documents that it received from third parties were produced in a chaotic and disorganized manner. Some of the errors that we have encountered have included missing attachments, inconsistent metadata, defective load files, and re-use of a single Bates number on multiple distinct documents. We are currently working to ascertain which of these errors were caused by the government's own processing of electronic data, and which defects were present in the data that the government originally received from third parties.

### Hard copy documents

With respect to the government's 550 boxes of paper documents, defense counsel engaged a vendor to scan the documents into reasonably accessible form; however, the government was unwilling to allow defense counsel's vendor to make standard arrangements to access and scan the documents. After discussion between the parties, the government engaged its own vendor in March 2015 to scan and Bates stamp those documents into electronic form to make them accessible to both parties, with the cost borne jointly by the government and the defense. We have been informed that the government's vendor has the capacity to scan approximately 50 boxes per week. At that rate, the government's vendor will have completed its scanning and production of those hard-copy documents to the defense by late May or early June.

### Scheduling

By letter to the Court dated December 19, 2014, defense counsel requested that that the Court set a deadline of July 13, 2015 for pretrial motions, in light of the massive volume of discovery. In a response letter dated January 15, 2015, the government neither objected nor consented to that proposed motion schedule. Although the Court subsequently issued an order on January 16, 2015, setting a trial date of November 9, 2015, the Court did not expressly rule on defense counsel's proposed schedule for pretrial motions.

Based on the limited discovery that we have received to date, and our conversations with the government, the defense anticipates that it may be necessary to make both discovery motions (including a motion for a bill of particulars) and substantive motions directed at the indictment. Given that the substantive motions will depend in part on resolution of discovery and bill of

The Honorable Susan D. Wigenton
April 2, 2015
Page 3

particulars motions, we respectfully request that the Court set a schedule for pretrial motions in two stages, subject to revision if the government experiences further unexpected delays in its production of discovery to defense counsel, or for other good cause shown:

| | |
|---|---|
| Discovery Pretrial Motions Due: | June 8, 2015 |
| Opposition Due: | June 29, 2015 |
| Reply Due: | July 7, 2015 |
| Argument: | July 13, 2015 |
| | |
| Substantive Pretrial Motions Due: | September 10, 2015 |
| Opposition Due: | October 2, 2015 |
| Reply Due: | October 13, 2015 |
| Argument: | October 19, 2015 |

We have discussed this proposed schedule with the government and they have indicated that they will be unable to consider our proposed schedule until the lead government trial attorney returns from vacation on April 13, 2015, and as a consequence, they object at this time.

Respectfully yours,

Robert J. Anello

cc: Helen Christodoulou, Esq. (via email)
Mikhail Vanyo, Esq. (via email)
Sean Farrell, Esq. (via email)