

U.S. Department of Justice

Antitrust Division

---

*New York Office*

*26 Federal Plaza*      *212/335-8035*
*Room 3630*
*New York, New York 10278-0004*      *FAX 212/335-8023*

April 14, 2015

<u>BY ECF and E-MAIL (PDF)</u>

The Honorable Susan D. Wigenton
United States District Judge
Martin Luther King Building
& United States Courthouse
50 Walnut Street
Newark, NJ 07101

    Re: <u>United States v. John A. Bennett, No. 09 Cr. 656 (SDW)</u>

Dear Judge Wigenton:

    The Government respectfully submits this letter in response to defendant's letter dated April 2, 2015 to clarify the status of discovery in this case and to address proposed amendments to the pre-trial motion schedule set by the Court in its Order for Discovery and Inspection on November 24, 2014.

    The Government has been working diligently to provide the defendant with discovery since its first production on December 18, 2014. To date, the Government has provided the defendant with a significant amount of discovery and has prioritized those materials most likely material to the defendant's case. Beginning on December 18, 2014, shortly after defense counsel entered a notice of appearance in this case, the Government provided an initial production under Rule 16(a)(1)(B). As the Court is aware from our January 15, 2015 letter, on December 18, 2014, the Government also provided the defendant with an index of materials produced by third parties during the Government's investigation, including companies, individuals, and conspiracies beyond those allegedly involving the defendant ("the Index"). The Index contained general descriptions of the documents and identified with an asterisk those productions which the Government deems to be most likely material to the defendant's case. The Government provided this Index and a proposal for a protective order in order to facilitate and expedite the defendant's selection and review of available materials. After rejecting the Government's proposed protective order that would have enabled the defendant immediate access to all of the materials listed on the Index, we negotiated a limited protective order for personally identifiable information that was signed by the Court on February 2, 2015. Materials on the Index have been available for defense counsel's review and inspection since that date.

Regarding the approximately 550 boxes and redwelds of hard copy third party documents, defense counsel arranged for a visit to our office on February 12, 2015 to review approximately 41 of those productions. Since that date, they have not made any additional arrangements to review any of the remaining boxes and redwelds. Initially, defense counsel indicated its intention to review and scan a selection of relevant materials. As defense counsel was aware, the majority of the boxes were obtained from Sevenson Environmental Services ("Sevenson") from the Federal Creosote site itself when the remediation was completed and includes all aspects of the minutiae of that remediation. In early March 2015, defense counsel informed the Government that they wanted to scan all of the hard copy documents and had hired a vendor to do so. Given that a significant volume of the material from the Federal Creosote site was not bates-stamped by Sevenson, the Government asked defense counsel to share a copy of the scanned documents. After they declined, the parties ultimately negotiated and agreed on March 20, 2015 for the Government to hire a vendor and split the cost of scanning. To expedite the discovery process, the Government has prioritized for scanning those materials flagged by defense counsel and those we have identified as most likely to be material to the defendant's case. Scanned hard copy documents are being provided on a rolling basis, and we expect the first 75 boxes of scanned hard copy documents to be available within the next week. Importantly, the Government undertook the time and expense to scan in-house hard copy documents from Bennett Environmental, Inc. ("BEI") and its former employees, and produced those to the defendant on March 9, 2015.

With respect to the electronic third party documents, the Government has already produced a significant proportion of the discoverable records. Beginning on December 15, 2014, the Government made a number of requests to schedule a conference call between defense counsel and our Litigation Support Specialist to identify what formats would be compatible with their information technology systems for production of electronic documents we received from third parties during the course of our investigation. After a conference call to discuss electronic production on February 13, 2015, the Government began the process of producing electronic third party documents. As we have noted to defense counsel in our productions, we produced the electronic documents as they were received from the third parties. The Government has undertaken extensive time and effort to re-load each of the electronic media we have received from third parties in an effort to facilitate and expedite their loading and review, and to identify the defects in the productions we had received from the third parties. We have provided assistance to their technical person on a number of occasions, including conference calls on April 1 and 2, 2015, and described the technical issues on the electronic media we had received from third parties. Since initial production on March 9, 2015, the Government has produced 243,891 of the over 400,000 electronic documents received in this investigation, with accompanying discovery productions logs. The Government prioritized those electronic documents we believe to be most likely to be material to the defendant's case, such as from the BEI and Sevenson. It should be noted that the Government's database is based on the same searchable documents that have been provided to defense counsel. We anticipate producing approximately 180,000 more electronic documents within the next week.

It should also be noted that pending negotiation of the protective order and communication from defense counsel regarding which materials they wanted to review, the Government voluntarily provided the defendant with all of the trial transcripts from United States v. Gordon McDonald, a co-defendant in this case, on January 13, 2015 and all of the related trial exhibits on January 21, 2015. On March 17, 2015, the Government also provided the defendant with an initial voluntary bill of particulars, which detailed (a) the co-conspirators for Counts 1 and 2 in the Indictment filed against the defendant; (b) the prime contracts identified as "Contract One and Two" in the Indictment; (c) the subcontracts that were affected by the charged conduct; (d) the kickbacks that were included in Count 1; and (e) the victim in Counts 1 and 2.

Finally, regarding defense counsel's proposed schedule, the Government notes that the Court set forth a pre-trial motion schedule in its Order for Discovery and Inspection on November 24, 2014. To the extent that Your Honor is amenable to a joint proposal from the parties, the Government stands ready to discuss modifications to the pre-trial motion schedule with defense counsel.

Respectfully,

Helen Christodoulou
Trial Attorney
United States Department of Justice
Antitrust Division, New York Office
26 Federal Plaza, Room 3630
New York, NY 10278


Cc:   Robert J. Anello, Esq. (counsel for John Bennett)