# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO\*\*\*
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
LAWRENCE IASON
JUDITH L. MOGUL
JODI MISHER PEIKIN
ROBERT M. RADICK\*\*\*
JONATHAN S. SACK\*\*
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

(212) 880-9560
ralbert@maglaw.com

COUNSEL
JASMINE JUTEAU
BARBARA MOSES\*

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

\*ALSO ADMITTED IN CALIFORNIA AND WASHINGTON, D.C.
\*\*ALSO ADMITTED IN CONNECTICUT
\*\*\*ALSO ADMITTED IN WASHINGTON, D.C.

June 8, 2015

**BY ECF**

The Honorable Susan D. Wigenton
United States District Judge
Martin Luther King Building
& United States Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:    <u>United States v. John A. Bennett, No. 09 Cr. 656 (SDW)</u>

Dear Judge Wigenton:

    On behalf of the defendant John Bennett, I write to update the Court on the status of discovery and related motions. We are today filing a motion for certain particulars and other limited relief. As explained in further detail below, recent discussions between the parties have been productive in appearing to resolve a number of other disclosure issues. To avoid unnecessarily burdening the Court, we are not seeking relief from the Court at this time on the matters detailed below, with the understanding that we may seek Court's intervention in the future should it become necessary.

    As the Court may recall, discovery in this case is vast, and includes at least 500,000 electronic files, as well as hundreds of boxes of hard-copy documents. The government is continuing to produce discovery, and we have not finished reviewing the discovery that has been produced to date. As a result, there may be further need to seek relief from the Court on discovery matters after the government has completed its production of discovery to the defense.

    For the Court's information, we provide below a brief summary of the currently outstanding issues on which the parties have had productive discussions.

The Honorable Susan D. Wigenton
June 8, 2015
Page 2

I. The Original Electronic Storage Media of BEI, Griffiths and Tejpar

In order to obtain a complete set of Mr. Bennett's own statements, and address questions regarding the provenance and authenticity of certain key documents, the defense requested that the government obtain from BEI, Zul Tejpar, and Robert Griffiths the original electronic storage media, including hard drives, servers, and back-up tapes, containing emails sent or received by Mr. Bennett, Robert Griffiths, Zul Tejpar, Peter Richardson, or Carol Leung during the period of January 1, 2001, through December 31, 2004. The government has agreed to ask BEI, Griffiths and Tejpar (who have each entered into cooperation agreements requiring them to provide all documents requested by the government) for those materials, and has agreed to provide to the defense what the government receives from BEI, Griffiths, and Tejpar in response. The government also has agreed that it will inform the defense if BEI, Griffiths, or Tejpar refuse to provide such materials to the government, and that if compliance is refused or any such party raises issues regarding the logistics or scope of its production, the government will direct that such party address any such issues with the Court or defense counsel.

We note that because this issue involves third-parties (albeit third-parties within the government's control for purposes of discovery), and because of the significant efforts that defense counsel will be required to undertake with this material once we receive it, we are concerned that this matter has potential to cause delay going forward if there are significant further delays in producing this material to defense counsel. Nevertheless, because the government has agreed to take the steps set forth above, there does not appear to be a need for intervention from the Court at this time.

II. A Copy of the Government's 18 U.S.C. § 3292 Application and MLAT-Related Correspondence

On January 23, 2009, the District Court issued an order, based upon an *ex parte* application by the government, to toll the running of the statute of limitations pursuant to 18 U.S.C. § 3292 (the "§ 3292 Order"). That statute allows courts to toll the statute of limitations for up to three years based on the government's efforts to obtain evidence from a foreign country via a Mutual Legal Assistance Treaty ("MLAT") or other international agreement. Absent that § 3292 Order, the statute of limitations would have expired prior to indictment, barring the charges against Mr. Bennett in this case. In order to determine whether the § 3292 Order was warranted on the record before the Court – and thus whether to move to dismiss on statute of limitations grounds – defense counsel asked via letter to the government on April 2, 2015, and repeatedly thereafter in further correspondence, for production of the *ex parte* application that the government filed with the Court in order to obtain the § 3292 Order, including all supporting affidavits, exhibits, and memoranda. In a conference call between the parties on June 3, 2015, the government agreed to seek the unsealing of those documents and provide them to the defense. We anticipate that the government will provide these documents to the defense shortly, and that no motion will be required on this issue.

Defense counsel also requested that the government produce a copy of the correspondence between the United States and Canada regarding the MLAT request. Under 18

The Honorable Susan D. Wigenton
June 8, 2015
Page 3

U.S.C. § 3292, the tolling of the statute of limitations ends when Canada took "final action" on the MLAT request. *See* 18 U.S.C. § 3292(b). "Final action" for the purposes of §3292(b) occurs when a foreign court or authority provides a dispositive response to each of the items listed in the government's official request for information. *United States v. Torres*, 318 F.3d 1058, 1065 (11th Cir. 2003). Thus, the determination of when a foreign government has taken "final action" on an MLAT request requires a fact intensive inquiry focusing on the nature of the documents requested, the responses to the request, and the written communications between the requesting and requested countries. The government has provided to the defense two MLAT requests that it submitted to Canada, and two cover letters from Canada apparently enclosing documents in response to those MLAT requests. In our June 3 telephone conference, the government also represented that it does not believe any further substantive communications were sent by Canada that would bear on whether Canada has, or has not, taken "final action" on the government's requests – although the government indicated it would undertake to review its records to confirm that fact. Based on the government's representation, we do not anticipate at this time that any motion will be required on this issue.

III. <u>Documents Pertaining to BEI's Internal Investigation</u>

In connection with the government's investigation, BEI retained DLA Piper to conduct an internal investigation into possible wrongdoing by BEI, including in relation to the events that form the basis for the charges against Mr. Bennett. We understand that DLA Piper conducted interviews of more than a dozen witnesses and prepared at least 32 interview memoranda, including interviews of John Bennett, Robert Griffiths, Zul Tejpar, and Gordon McDonald. By letter dated June 3, 2015, defense counsel requested that the government obtain from BEI a copy of DLA Piper's written reports to BEI concerning that investigation, as well as any underlying documents referred to in those reports, and any interview memoranda prepared by DLA Piper in connection with its investigation, as to all of which defense counsel understands BEI may have waived any claim of privilege.[1] The government has advised that it is currently evaluating the request, and we anticipate having further discussions with the government regarding this request. Accordingly, we are not yet in a position to determine at this time whether any motion will be required on this issue.

IV. <u>Information Obtained by the Government from Third Parties Regarding Their Production of Relevant Documents</u>

In connection with its investigation, the government obtained electronic and hard-copy documents from at least 100 individuals and entities, and it has produced or is in the process of producing those materials to the defense. Despite multiple requests from defense counsel, the government has declined to provide copies of any cover letter from the producing parties that would identify the contents of the production, the date of the production, and the Bates ranges of the documents contained. Although the government has provided an "index" to serve as a guide in place of the cover letters that we have requested, defense counsel has expressed concern that the index is not an adequate substitute for the cover letters of the producing party. In particular,

---

[1] The parties did not address this request in their June 3, 2015 teleconference.

The Honorable Susan D. Wigenton
June 8, 2015
Page 4

the descriptions in the government's index are in some instances so broad and imprecise as to be of little use in navigating the mountains of documents produced by the government.

As an illustration, descriptions in the government's index – such as "Test CD with Sample Production" or "Disc labeled Excel File FEC File #38152" – are of no use without additional context as to what was requested, and what the producing party said it was producing, or even the year in which the materials were produced. Defense counsel also raised a concern that there may be discoverable information in the cover letters themselves, and that the lack of access to the cover letters exacerbates the inherent difficulties of wading through a large mass of discovery that the government has conceded is defective in several technological respects. For instance, if a third party has provided a cover letter advising that certain electronic materials replace a prior production that was damaged in digital processing, certain electronic materials include additional meta-data for certain previously produced emails, certain materials cannot be located, certain materials were found in the desk drawer of a particular employee, or other detail helpful to assessing the materials produced, Mr. Bennett should not be denied access to that information.

In the parties' June 3, 2015 telephone conference, the government agreed that it would review its records, and it will provide a statement to defense counsel confirming that it has provided to the defense (in its index or otherwise) any discoverable material set forth in any cover letters from third-parties, including information identifying the documents produced, any statement identifying any technological issue in a production, or information indicating that one production was duplicative of or designed to replace a prior production. Based upon the government's commitment, the defense does not at this time seek assistance from the Court with regard to this issue.

V. Early Disclosure of Rule 3500 and *Giglio* Material, Witness and Exhibit Lists, Expert Disclosure and Rule 404(b) Notice

To facilitate orderly trial preparation and trial, particularly in light of the amount of discovery, the lengthy time period of the events at issue, and the complexity of this case, defense counsel has proposed, and the government has agreed to, early pretrial disclosures by the government of Rule 3500 and *Giglio* material, witness and exhibit lists, expert disclosure pursuant to Fed. R. Crim. P. 16(a)(1)(G) and Rule 404(b) notice, and reciprocal early production by the defense of witness statements, exhibit and witness lists and expert disclosure. The parties appear to be on the cusp of reaching final agreement and expect to submit shortly a stipulation for the Court's approval, obviating any need for further Court intervention on these matters.

Respectfully yours,

Richard F. Albert

cc: Helen Christodoulou, Esq. (via ECF)