UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Susan D. Wigenton |
| | | U.S. District Judge |
| v. | : | |
| JOHN A. BENNETT, | : | Criminal No. 09-656 |
| Defendant. | | |

NOTICE OF INTENTION TO USE RECORDS OF REGULARLY CONDUCTED ACTIVITY
AND
MOTION FOR A PRETRIAL DETERMINATION OF ADMISSIBILITY PURSUANT TO
18 USC 3505 AND RULE 104(a), FEDERAL RULES OF EVIDENCE

The Government, through its attorneys, Daniel Tracer, Helen Christodoulou, and Mikhail Vanyo, Trial Attorneys, hereby provides notice of its intention to use foreign records of regularly conducted activity, pursuant to the provisions of Title 18, United States Code, Section 3505.

The United States requested the assistance of Canada pursuant to a Mutual Legal Assistance Treaty. In response, the Canadian Authorities gathered and provided certain bank records and phone records that were responsive to the United States's request for assistance. The records provided are records of regularly conducted activity (i.e., business records) and include bank and phone records as follows:

| Material | Date of Production to the Defendant | Location of Material in Production |
|---|---|---|
| Bank Records from RBC Financial Group | 4/24/2015 | OIA Box 1; OIA Redweld 1 |
| Phone Records from Bell Canada | 4/24/2015 | OIA Redweld 1 |
| Phone Records from Telus Communications Company | 4/24/2015 | OIA Redweld 2 |
| Phone Records from Rogers Communications, Inc. | 4/24/2015 | OIA Redweld 2 |

Along with the records, the Canadian Authorities provided certification documents. Those certifications are attached hereto and include a February 11, 2009 certification from RBC ("Exhibit A"); a February 11, 2009 certification from Bell Canada ("Exhibit B"); an April 15, 2009 certification from RBC ("Exhibit C"); a May 11, 2009 certification from Rogers Communications ("Exhibit D"); and a May 29, 2009 certification from Telus Communications ("Exhibit E").

Under section 3505, a "business" includes any business or institution of any kind. 18 U.S.C. § 3505(c)(3). A "foreign record of regularly conducted activity" means any memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, maintained in a foreign country. 18 U.S.C. § 3505(c)(l). A "foreign certification" means "a written declaration made and signed in a foreign country by the custodian of a foreign record of regularly conducted activity or another qualified person that, if falsely made, would subject the maker to criminal penalty under the laws of that country." 18 U.S.C. § 3505(c)(2).

The records provided and described above are records of a "business" as contemplated by the statute. Moreover, the certifications identified above are "foreign certifications" as authorized by the statute. They were executed, as stated in the certifications, under oath and/or under penalty of prosecution for false execution under the laws of Canada. Finally, the certifications meet the criteria of section 3505(a)(l)(A)-(D), which allows the records to be introduced into evidence as an exception to the hearsay rule. Section 3505 provides in relevant part:

> (a)(1) In a criminal proceeding in a court of the United States, a foreign record of regularly conducted activity, or a copy of such record, shall not be excluded as evidence by the hearsay rule if a foreign certification attests that—
>
> > (A) such record was made, at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;
> >
> > (B) such record was kept in the course of a regularly conducted business activity;
> >
> > (C) the business activity made such a record as a regular practice; and
> >
> > (D) if such record is not the original, such record is a duplicate of the original;
>
> unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.
>
> (2) A foreign certification under this section shall authenticate such record or duplicate.

For the United States to introduce the records in evidence pursuant to section 3505, it must meet the notice obligation established by section 3505(b), which states in relevant part:

> At the arraignment or as soon after the arraignment as practicable, a party intending to offer in evidence under this section a foreign record of regularly conducted activity shall provide written notice of that intention to each other party.

By this notice, the Government complies with that requirement.  First, the Government has produced the relevant records as described above.  Second, the Government intends to offer some or all of these records into evidence at trial.

Should the defendant wish to contest the introduction of the records into evidence (based on authenticity or lack of an applicable hearsay exception), the defendant must comply with section 3505(b), which provides:

> A motion opposing admission in evidence of such record shall be made by the opposing party and determined by the court before trial. Failure by a party to file such motion before trial shall constitute a waiver of objection to such record or duplicate, but the court for cause shown may grant relief from the waiver.

Thus, section 3505(b) requires the filing of an opposition to the Government's use of foreign records before trial.  If defendant opposes the use of such records, section 3505(b) requires the Court to resolve the issue before trial.  In the event that the defendant files an opposition, the Government will request that the Court hold a pre-trial hearing at which the defendant's objections to the admission of the records will be heard, and after which and before trial, the Court will enter its decision.  *See* Federal Rule of Evidence 104(a).

> Respectfully Submitted,
>
> /s/ Daniel Tracer
> Daniel Tracer
> Helen Christodoulou
> Mikhail Vanyo
> Trial Attorneys
> Antitrust Division