

| | |
|---|---|
| Department of Justice<br>Canada | Ministère de la Justice<br>Canada |

International Assistance Group  
East Memorial Building  
284 Wellington Street  
Ottawa, Ontario  
K1A 0H8

Telephone: 613-948-3003  
Facsimile: 613-957-8412

August 24, 2015

Lisa Roberts, Acting Associate Director  
Office of International Affairs  
U.S. Department of Justice, 1301 New York Ave., NW Suite 800  
Washington, D.C. 20005

Dear Ms. Roberts:

Re: The Extradition of John Bennett from Canada to the United States

I write further your inquiries with respect to the possibility of a second request from the United States for the extradition of Mr. John Bennett who was extradited to the United States from Canada on November 14, 2014.

I am a member of the law societies of Ontario and British Columbia and have practised as a criminal lawyer in Canada for over 25 years, including representing the Attorney General of Canada in numerous extradition hearings and extradition appeals in the Canadian courts. I am currently the Director General of the International Assistance Group (IAG) at the Canadian Department of Justice in Ottawa. The IAG is Canada's central authority for international assistance and as such is responsible for approving, monitoring and advising the Minister of Justice on all extradition requests to and from Canada. I have held the position of Director General for 6 years. Prior to that I was the Associate Director of the IAG in which capacity I was responsible for reviewing all advice to the Minister of Justice with respect to his decision on surrender in extradition cases. As a result of practising exclusively in the area of international assistance for the last 12 years, I am very familiar with extradition practice in Canada and I am aware of the circumstances of Mr. Bennett's extradition to the United States.

You have asked me what would happen if Mr. Bennett were released on bail in the United States, returned to Canada and refused to return to the United States to face trial. In the event that Mr. Bennett refuses to return to the United States, a new extradition request would have to be made by the United States as the previous extradition order was spent as soon as Mr. Bennett was surrendered to the United States in November, 2014.

Upon receiving the new request, the Minister of Justice would have to consider whether it was in the public interest to accept the request and refer it to the courts. In making that decision he would take into account the fact that Mr. Bennett was released on bail in the United States and permitted to return to Canada after the Canadian government had already expended considerable government resources, including valuable court time, over the course of 4 years to extradite Mr. Bennett to the United States. While I am unable to predict the outcome of the Minister's discretionary decision-making, I can advise that it would be open to him to refuse to accept a new extradition request in these circumstances.

I can further advise that, should the Minister accept a new extradition request and authorize the commencement of extradition proceedings, Mr. Bennett will have all of the rights which he had, under Canadian law, when his extradition was originally sought. His case would be referred to the superior court of the relevant province for an extradition hearing. At that time Mr. Bennett would have the opportunity to apply for bail pending the hearing. There is no way to predict the outcome of such a bail application as the decision is within the sole discretion of the judge presiding at the bail hearing. I can advise that it would be unusual to detain in custody an elderly person who is not accused of violent crimes.

Regardless of the outcome of the bail hearing, it is likely that it would take approximately a year for the matter to be heard by the courts. Mr. Bennett will have the opportunity to challenge the evidence and to bring preliminary motions, which could result in more lengthy court proceedings.

Ultimately, In light of the fact that the evidence was previously found to be sufficient, if there are no changes in circumstances, Mr. Bennett will likely be committed for extradition.

Following an extradition hearing, the request for extradition would be referred back to the Minister of Justice to make a decision on surrender. I note that Mr. Bennett currently approximately 80 years old and seeking to return to Canada for a medical procedure. In my view, there is a significant risk that Mr. Bennett's age and health circumstances could act as a barrier to his re-surrender to the United States.

Moreover, even if the Minister orders his surrender, Mr. Bennett will be able to appeal the committal decision and apply to judicially review the decision of the Minister of Justice to the court of appeal. Should his surrender be upheld in the court of appeal, Mr. Bennett can apply for leave to appeal to the Supreme Court of Canada.

You have asked whether an anticipatory waiver of extradition signed by Mr Bennett prior to his return to Canada could serve to facilitate his return to the United States. The *Extradition Act*, S.C., 1999, c. 18 (the Act) provides the domestic legal framework for extradition to and from Canada. In my letter of July 17, 2014 (attached) to Molly Warlow, then Director of the Office of

International Affairs, I describe the existing procedures for consent or waiver of extradition pursuant to the *Extradition Act*. That procedure continues to apply in Canada. In particular, as noted in my letter of July 17, 2014, an anticipatory waiver has no force or effect under Canadian law and could not be used as a mechanism to expedite Mr. Bennett's removal to the United States should he choose to challenge his extradition from Canada.

In summary, a second request for extradition may not be accepted and if accepted may not be successful. If the request is successful, it will likely take from 2 to 4 years to secure Mr. Bennett's return to the United States.

Sincerely,

Janet Henchey
Director General and Senior General Counsel
International Assistance Group

Encl.   Letter of July 17, 2014



Department of Justice  Ministère de la Justice
Canada                 Canada

International Assistance Group
East Memorial Building
284 Wellington Street
Ottawa, Ontario
K1A 0H8

Telephone: 613-948-3003
Facsimile: 613-957-8412

July 17, 2014

BY COURIER AND E-MAIL

Ms. Mary Ellen Warlow
Director
Office of International Affairs
U.S. Department of Justice
Suite 800 - 1301 New York Avenue, N.W.
Washington D.C.
20005

Dear Ms Warlow:

Further to general queries made with respect to the enforceability of an anticipatory waiver of extradition pursuant to Canadian law, I provide you with the following information that may be of assistance to courts in the United States.

The *Extradition Act*, S.C. 1999, c. 18 (the Act) provides the domestic legal framework for extradition to and from Canada. The *Extradition Act* contemplates three types of proceedings which can take place before an extradition judge in Canada.

Section 29 of the Act provides for a hearing, at which the extradition judge will assess the sufficiency of the evidence and the person sought for extradition will have the right to contest committal for extradition.

Sections 70, 71, and 72 of the Act provide mechanisms by which a person sought for extradition may either consent to part of the extradition process, consent to all of the extradition process or waive extradition. These sections are mutually exclusive procedures which have distinct processes and consequences. They may be resorted to by a person whose extradition has been sought from Canada only after the person has been arrested or summoned to Court pursuant to proceedings taken pursuant under the Act, in furtherance of an extradition request, or provisional arrest request made to Canada by a foreign state or entity. The consent provisions in the Act allow a person to truncate the extradition process while still maintaining the ability to challenge some aspects of their extradition. However, when a person chooses to waive extradition pursuant to s. 72 of the Act, they are eligible for immediate surrender to the state requesting their extradition.

As described above, sections 70, 71, and 72 each require the commencement of extradition proceedings in Canada before they can operate. Each provides for a person sought for extradition to agree to consent to extradition, consent to surrender, or waive extradition as the case may be *after* the issuance of process pursuant to the *Extradition Act*.

The *Extradition Act* has made no provision for an extradition judge to enforce a consent or waiver, or an intention to consent or waive extradition, made prior to the initiation of extradition proceedings in this country.

If a person were to purport to enter into an anticipatory waiver of extradition as a condition of their bail on charges in a foreign state and then reneged on that undertaking upon arrival in Canada, there would be no mechanism in Canadian law to enforce the undertaking. An anticipatory waiver is not contemplated by the Act. Indeed, the lack of express statutory authority to enforce a prior undertaking to waive extradition would likely lead to extensive litigation in Canadian courts. Of course, whether a person accused or convicted of a crime outside of Canada can be trusted to honour the bail terms established by the foreign court is primarily an issue between that person and the foreign court.

Sincerely,

Janet Henchey
Director General and Senior General Counsel
International Assistance Group - Litigation Branch