# Morvillo Abramowitz Grand Iason & Anello P. C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO•••
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
LAWRENCE IASON
BRIAN A. JACOBS
JUDITH L. MOGUL
JODI MISHER PEIKIN
ROBERT M. RADICK•••
JONATHAN S. SACK••
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

(212) 880-9560
ralbert@maglaw.com

COUNSEL
JASMINE JUTEAU
BARBARA MOSES•

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

•ALSO ADMITTED IN CALIFORNIA AND WASHINGTON, D.C.
••ALSO ADMITTED IN CONNECTICUT
•••ALSO ADMITTED IN WASHINGTON, D.C.

January 19, 2016

**BY ECF**

The Honorable Susan D. Wigenton
United States District Judge
Martin Luther King Building
& United States Courthouse
50 Walnut Street
Newark, NJ 07101

  Re: United States v. John A. Bennett, No. 09 Cr. 656 (SDW)

Dear Judge Wigenton:

  We write to request the Court's assistance in obtaining certain original items of evidence from the government for analysis by our expert. This is ordinarily the type of request that prosecutors comply with as a matter of course without need for Court intervention, but the government has been unwilling to comply in this instance, so we are forced to seek the Court's assistance.

  As set forth in expert disclosure we recently provided to the government, Mr. Bennett has engaged a handwriting expert, Dan Purdy, who has reviewed copies of certain documents, including checks, and may offer at trial his opinion that signatures on those documents that purport to be John Bennett's were probably not in fact signed by John Bennett. During the course of discovery we had requested the government to provide originals of certain documents, including the documents Mr. Purdy reviewed. The government initially advised us that they did not have those original documents, but later in the discovery process, the government advised us that it had obtained a portion of the original documents we had requested, which turn out to include two original checks corresponding to photocopies Mr. Purdy had analyzed.

  Within the last couple of days we have asked the government to provide the originals of those two checks to us or directly to Mr. Purdy so that he can examine them. The government declined to send the check to Vancouver where Mr. Purdy is located (which is also where Mr. Bennett and his company, BEI, were located). We have offered to have the government send the two checks to the U.S. Attorney's office in Seattle, so they can remain in Department of Justice

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

custody and Mr. Purdy can make the relatively short drive across the border to Seattle to review them, but the government has refused, citing changing rationales that do not make sense. First the government asserted that it would need to have a government agent accompany the checks from New York to Seattle. Then the government asserted that it could not send the checks to Seattle because of a purported need to maintain a chain of custody, which is not generally required with documentary evidence and which in any event we have offered a variety of options to overcome, including a stipulation.

    Because we need to have Mr. Purdy review and analyze these two checks in advance of his expected trial testimony, and because there is no valid reason that he should have to make a separate trip from Vancouver to New York to do so, we ask the Court's assistance. We would be happy to have a telephone conference or appear in person to address this at the Court's earliest convenience.

Respectfully,

Richard F. Albert

cc:    Helen Christodoulou, Esq. (via email)
       Mikhail Vanyo, Esq. (via email)
       Daniel Tracer, Esq. (via email)
       Sean Farrell, Esq. (via email)