# MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P. C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO***
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
LAWRENCE IASON
BRIAN A. JACOBS
JUDITH L. MOGUL
JODI MISHER PEIKIN
ROBERT M. RADICK***
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

(212) 880-9483
jkaoutzanis@maglaw.com

COUNSEL
JASMINE JUTEAU
BARBARA MOSES*

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN CALIFORNIA AND WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN WASHINGTON, D.C.

April 19, 2016

**BY ECF**

The Honorable Susan D. Wigenton
United States District Judge
Martin Luther King Building
& United States Courthouse
50 Walnut Street
Newark, NJ 07101

    Re:    United States v. John A. Bennett, No. 09 Cr. 656 (SDW)

Dear Judge Wigenton:

    On behalf of the defendant John Bennett, I write in response to the government's letter of April 18, 2016, belatedly requesting that page limits be imposed on the briefing for Mr. Bennett's motions under Federal Rules of Criminal Procedure 29 and 33. Given that the defense already has substantially drafted its moving papers, imposing a page limit at this late date—approximately a month after the Court originally set the briefing schedule and when page limits were never previously imposed—would unfairly prejudice Mr. Bennett, impeding his ability to present all of his Rule 29 and Rule 33 arguments.

    On March 16, 2016, at the close of Mr. Bennett's trial, defense counsel requested 30 days in which to file Mr. Bennett's Rule 29 and Rule 33 motions. The government did not oppose Mr. Bennett's request and did not raise the issue of page limits at that time. The Court granted the request. The parties then conferred and proposed a mutually agreeable briefing schedule for Mr. Bennett's motions, which the Court approved on March 22, 2016. Again, the government did not mention page limits for the motions at that time, nor did it request that the Court limit the length of Mr. Bennett's submission in any way.

    Last week, after working for several weeks to prepare Mr. Bennett's motion, we asked the government to agree to a brief extension of the time for filing Mr. Bennett's opening brief. The government consented to that request. Later that day, the government asked defense counsel to agree to a page limit of 30 pages for Mr. Bennett's opening brief and the government's opposition brief and a page limit of 10 pages for Mr. Bennett's reply brief.

The Honorable Susan D. Wigenton
April 19, 2016
Page 2

By that point, defense counsel already had completed a draft of Mr. Bennett's brief. Cutting the brief to 30 pages would have meant eliminating some of Mr. Bennett's arguments and would have required significant additional work that could have been avoided had the government timely raised a concern about page limits before defendant's brief was drafted. In an effort to work with the government, we proposed a 40-page limit, but the government did not want to consider anything over 30 pages.

The instant briefing will be the first time that Mr. Bennett will address by written motion arguments relating to the sufficiency of the evidence adduced at trial, and a number of arguments relating to the conduct of the trial. As the Court is aware, the trial lasted for over three weeks, there were scores of exhibits introduced, and the transcript is approximately 3,000 pages. In the circumstances, in order to address the arguments fully and to best serve the Court, an arbitrary 30-page limit for Mr. Bennett's opening brief will not do.

The Court has not imposed page limits in any prior motion practice. The government's opposition brief in response to Mr. Bennett's motion to dismiss was 50 pages; the government's memorandum of law in support of its motions *in limine* was 33 pages; and the government's memorandum of law in support of its motion to exclude expert witness testimony was 32 pages. The focus of all of these prior filings was also much more limited in scope than that encompassed by the current motion practice.

We will make every effort to set forth Mr. Bennett's arguments as succinctly as possible in his Rule 29 and Rule 33 motions. Setting an arbitrary limit of 30 pages this late in the process, however, merely because "[t]he government believes that such page limits will give the parties adequate space within which to present their arguments," when no such page limit was imposed in the past, would unfairly prejudice Mr. Bennett and would not permit him to adequately address all of the arguments he intends to make under Rule 29 and Rule 33, and will not serve the Court.

For the foregoing reasons, we respectfully request that the Court deny the government's request. Thank you for your consideration of this matter.

Respectfully yours,

Jocelyn Courtney Kaoutzanis

cc:   Helen Christodoulou, Esq. (via ECF and email)
      Mikhail Vanyo, Esq. (via ECF and email)
      Daniel Tracer, Esq. (via ECF and email)